UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JUANA BAEZ, Individually and on behalf
of all others similarly situated,
JOSE ALBERTO NUNEZ-GUERRERO,
Individually and on behalf of all others similarly
situated,
CRUZ SANABRIA, Individually and on behalf
of all other similarly situated,
ROGELIO RODAS, Individually and on behalf
of all others similarly situated,
DEMETRIUS OVIEDO, Individually and on
behalf of all others similarly situated

     Plaintiffs

v.

TOWN OF BROOKLINE, MASSACHUSETTS,
BROOKLINE POLICE COMMISSIONERS,
NEIL WISHINSKY,
In his Individual and Official Capacities,
NANCY DALY,
In her Individual and Official Capacities,
BEN FRANCO,
In his Individual and Official Capacities,
NANCY HELLER,
In her Individual and Official Capacities,
BERNARD GREENE,
In his Individual and Official Capacities

     Defendants

_____

No. 1:17-cv-10661-GAO

**STIPULATION AND PROTECTIVE ORDER**

   IT IS HEREBY STIPULATED by and between the parties to the above-captioned action

as follows:

   1.  In responding to requests for discovery in this action, the producing party may

designate as "Confidential" any document, testimony, or other information or discovery material

furnished by that party in the course of pretrial discovery in this action which the producing party believes in good faith constitutes or reveals confidential, non-public business or personal information.  The material so designated will also render "Confidential" any copies, excerpts, summaries, or other disclosure of the substance or contents of such material.  Documents, testimony, or other information or discovery material so marked and all information derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Stipulation and Order ("Order").

2.      In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Materials shall be made by a statement to such effect on the record during the course of the deposition, or within thirty (30) days after the transcript becomes available.  If the designation is made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-Confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the confidential portions of the transcripts.  If no designation is made during the course of a deposition, transcripts shall be treated as Confidential Material in their entirety pending the expiration of the thirty (30) days after the transcript becomes available.  If no designation is made during the course of the deposition or during the thirty (30) days after the transcript becomes available, the transcript will be deemed non-confidential in it entirety after the expiration of the thirty days.  (The parties may agree to modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.)  The parties may agree to later confidentiality designations of deposition transcripts and/or either party may move the Court to designate portions of deposition transcripts confidential after the expiration of the thirty days.

3.      Confidential Material shall be and remain confidential and shall not be disclosed by counsel or the parties.  Confidential Material shall not be used by said counsel or parties for any purpose other than for the preparation of the trial or the trial of this action.

4.      Confidential Material shall not be given, shown, made available, or communicated in any way by any opposing party or his counsel in this litigation to anyone other than:

(a)     counsel of record and other counsel for the parties involved in the preparation of this action, and attorneys, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b)     the parties, and the officers, directors, or employees of any party who agree to be bound by the terms of the Order in the manner set forth in paragraph 5 below;

(c)     consultants or expert witnesses retained in connection with this proceeding, to the extent such disclosure is necessary for the trial or preparation for trial of this case and only after they agree to be bound by the terms of the Order in the manner set forth in paragraph 5 below;

(d)     witnesses at depositions only after they agree to be bound by the terms of the Order in the manner set forth in paragraph 5 below;

(e)     court reporters only after they agree to be bound by the terms of the Order in the manner set forth in paragraph 5 below; and

(f)     the Court and Court personnel in this action.

5.      Prior to disclosing any Confidential Material or any information contained in any Confidential Material to any person listed in Paragraphs 4(b) through (e) above, such person shall be provided with a copy of this Order and shall execute the Agreement To Be Bound By Protective Order (the "Agreement"), which is annexed hereto as EXHIBIT A.

6.      Any person receiving Confidential Material shall not reveal or discuss such Confidential Material to or with any person who is not entitled to disclosure of such Confidential

3

Material under Paragraph 4 above and shall use such Confidential Material solely in connection with this action.

7.      Nothing in this Order, or in a party's observance of its terms with respect to any document or information designated by the other party as Confidential, shall be considered by either party to be a concession or admission by a party that any or all documents or information designated as Confidential by another party is in fact confidential.  Nothing in this Order shall be deemed a waiver by either party of its right to object to production of documents or to other discovery for reasons other than confidentiality.  Nothing in this Order shall be deemed a waiver by either party of its right to challenge the designation of any document or information as Confidential.  Should any party wish to challenge such designation, that party shall continue to observe the terms of this Order as to the disputed document or information until such time as the parties have resolved their dispute, or the Court has entered an order regarding the confidentiality of the document or information.  The party designating a document or information as Confidential shall have the burden of proving in any proceeding before the Court that it is in fact confidential.

8.      Nothing contained herein shall affect the right of any party at any hearing or trial of this action to use Confidential Material, including, without limitation, any documents designated as Confidential or any portion on any deposition transcript designated as Confidential, subject to such further protective order concerning such use as may be entered.

9.      Within 90 days after the termination of this action, all Confidential Material supplied by the producing party and all copies thereof shall be returned to the producing party, or such Confidential Material shall be certified as having been destroyed.

10.     In the event that any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information designated as "Confidential" by any other party, or in the event that the Town receives a request under the Massachusetts Public Records Law, c. 66, § 10, and G.L. c. 4, § 7, for materials designated as "Confidential" by any other party, the party served or in receipt of such subpoena, other compulsory process, or public records request shall notify the designating party, via written notice to the designating party's counsel of record, within seven (7) days after such service or receipt of such request.  In the event that the designating party objects to disclosure of such materials, the designating party shall file a motion for a protective order in a court of competent jurisdiction within ten (10) days after the written notice.  While a motion for a protective order is pending, the requested materials shall not be produced.

11.     This Order may be modified by agreement of the parties with leave of the Court after notice and motion in conformity with applicable rules.

PLAINTIFFS

By their attorney:

   /s Brooks A. Ames_____
Brooks A. Ames, BBO # 641192
Brookline Justice League
1309 Beacon St., 3rd Floor
Brookline, MA  02446
(617) 763-5526
brooksames1@gmail.com

Dated:   July 28, 2020

DEFENDANTS THE TOWN OF BROOKLINE and POLICE COMMISSIONERS
By their attorneys:

_____/s Joseph Padolsky_____         ____/s Michael Downey_____
Douglas I. Louison, BBO # 545191          Michael Downey, BBO #686080
dlouison@lccplaw.com                      Office of Town Counsel
Joseph A. Padolsky, BBO # 679725          333 Washington St.
jpadolsky@lccplaw.com                     Brookline, MA  02445
Louison, Costello, Condon & Pfaff, LLP    (617) 730-2190
101 Summer                                mdowney@brooklinema.gov
Boston, MA  02110
(617) 439-0305


Dated:   July 28, 2020
DEFENDANTS NEIL WISHINSKY, NANCY DALY, NANCY HELLER, BEN FRANCO, and
BERNARD GREENE

By their attorneys:

_____/s Joseph Padolsky_____
Douglas I. Louison, BBO # 545191
dlouison@lccplaw.com
Joseph A. Padolsky, BBO # 679725
jpadolsky@lccplaw.com
Louison, Costello, Condon & Pfaff, LLP
101 Summer St.
Boston, MA  02110
(617) 439-0305


Dated:   July 28, 2020



**SO ORDERED this 3rd day of August, 2020:**


                                          /s/ George A. O'Toole, Jr.

                                          Senior United States District Judge

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JUANA BAEZ, Individually and on behalf }
of all others similarly situated, }
JOSE ALBERTO NUNEZ-GUERRERO, }
Individually and on behalf of all others similarly }
situated, }
CRUZ SANABRIA, Individually and on behalf }
of all other similarly situated, }
ROGELIO RODAS, Individually and on behalf }
of all others similarly situated, }
DEMETRIUS OVIEDO, Individually and on }
behalf of all others similarly situated }

       Plaintiffs }

v. }     No. 1:17-cv-10661-GAO

TOWN OF BROOKLINE, MASSACHUSETTS, }
BROOKLINE POLICE COMMISSIONERS, }
NEIL WISHINSKY, }
In his Individual and Official Capacities, }
NANCY DALY, }
In her Individual and Official Capacities, }
BEN FRANCO, }
In his Individual and Official Capacities, }
NANCY HELLER, }
In her Individual and Official Capacities, }
BERNARD GREENE, }
In his Individual and Official Capacities }

       Defendants }
_____}

## <u>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**</u>

Before certain confidential information produced pursuant to the above-captioned action may be disclosed to me, I hereby agree to be bound by the Stipulation and Protective Order entered in this action. I further agree as follows:

1. I have read the Stipulation and Protective Order, a copy of which is attached hereto.

2.     I shall not reveal or discuss information designated "Confidential" to or with any person who is not entitled to disclosure of such materials under Paragraphs 4 and 5 of the Stipulation and Protective Order and shall use such materials and the information contained therein solely in connection with this action.

3.     I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Stipulation and Order and/or this Agreement.


Date:_____          _____
                                                                                                    (Signature)

_____
                  (Printed Name)