UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUANA BAEZ, Individually and on behalf of all others similarly situated, JOSE ALBERTO NUNEZ-GUERRERO CRUZ SANABRIA, Individually and on behalf of all other similarly situated, ROGELIO RODAS, Individually and on behalf of all others similarly situated, DEMETRIUS OVIEDO, Individually and on behalf of all others similarly situated<br><br>Plaintiffs<br>v.<br><br>TOWN OF BROOKLINE, MASSACHUSETTS, BROOKLINE POLICE COMMISSIONERS, NEIL WISHINSKY, In his Individual and Official Capacities, NANCY DALY, In her Individual and Official Capacities, BEN FRANCO, In his Individual and Official Capacities, NANCY HELLER, In her Individual and Official Capacities, BERNARD GREENE, In his Individual and Official Capacities<br><br>Defendants | No. 1:17-cv-10661-GAO |

**AFFIDAVIT OF BROOKS A. AMES**

I, Brooks A. Ames, hereby swear and affirm that the following is true:

1. Attached as Exhibit 1 is a true and accurate copy of Diego Ribadeniera, *Probe on Brookline Police, Minorities Called Inadequate*, Boston Globe (February 26, 1987), which was retrieved from the Boston Globe archives.

2. Attached as Exhibit 2 is a true and accurate copy of the Deposition of Benjamin Franco.

3. Attached as Exhibit 3 is a true and accurate copy of the IA-Discipline File of Michael Raskin.  **(filed under seal)**

4. Attached as Exhibit 4 is a true and accurate copy of Janelle Lawrence, *Cop Dispute not New Some Say; Officer accused of swearing testified sgt. Harassed him,* Brookline Tab (July 16, 1991).

5. Attached as Exhibit 5 is a true and accurate copy of Arthur Conquest, *Brookline or Johannesburg*, Brookline TAB (June 16, 1992).

6. Attached as Exhibit 6 is a true and accurate copy of Margaret Burnham, *Stereotypes and Suspicion*, Boston Globe (July 17, 1994).  I conducted a review of Brookline's street list registry from 1994 and identified the street that Margaret Burnham lived on at the time. Based on the addresses identified in the op-ed, the man living at No. 55 on Burnham's street was Jeffrey Allen, a former Police Commissioner and the co-author of the report that recommended the adoption of the Citizen Complaint Procedures in 1987.

7. Attached as Exhibit 7 is a true and accurate copy of State House News Service, *Brookline cited in 'DWB' debate*, Brookline TAB (April 15, 1999).

8. Attached as Exhibit 8 is a true and accurate copy of the IA-Discipline File of Matthew McDonnell. **(filed under seal)**

9. Attached as Exhibit 9 is a true and accurate copy of an internal affairs file relating to a complaint made by Leslie Epps against officer Charles Thornton on behalf of her son.

10. Attached as Exhibit 10 is a true and accurate copy of the Minutes of the Select Board for January 8, 2008.

11. Attached as Exhibit 11 is a true and accurate copy of a pdf file entitled "Brookline IAD documents," which includes internal affairs reports from between 2011 and 2018.

Brookline has not produced an internal affairs report regarding the claims made by Demetrius Oviedo with regards to his arrest on November 8, 2014.

12.     Attached as Exhibit 12 is a true and accurate copy of the IAO filed regarding a complaint made by 65-year old Black man against police detective David Wagner.

13.     Attached as Exhibit 13 is a true and accurate copy of the IAO filed relating to Isa Ebowe's complaint against David Wagner.

14.     Attached as Exhibit 14 are true and accurate copies of documents produced by Cruz Sanabria to the Brookline Defendants in this litigation.

15.     Attached as Exhibit 15 are true and accurate copies of Cruz Sanabria's responses to interrogatories.

16.     Attached as Exhibit 16 is a true and accurate copy of a FI report dated February 11, 2015.

17.     Attached as Exhibit 17 is a true and accurate copy of a FI report dated March 23, 2015.

18.     Attached as Exhibit 18 is a true and accurate copy of a FI reported dated March 13, 2015.

19.     Attached as Exhibit 19 is a true and accurate copy of the IAO file regarding a complaint Raj Dhanda made against police officers Russell Lloyd and Brian Gallagher.

20.     Attached as Exhibit 20 is a true and accurate copy of the IAO file regarding a complaint made against Detective David Wagner by a woman on behalf of her sons.

21.     Attached as Exhibit 21 is a true and accurate copy of Juana Baez's answers to interrogatories.

22. Attached as Exhibit 22 is a true and accurate copy of the IAO file regarding a complaint BHS students made against officer Robert Collins.

23. Attached as Exhibit 23 is a true and accurate copy of the IAO filed regarding a complaint Rogelio Rodas made against police officer Jeff Hutnick.

24. Attached as Exhibit 24 is a true and accurate copy of a transcript of a December 15, 2015 meeting of the Diversity, Inclusion, and Community Relations Commission.

25. Attached as Exhibit 25 is a true and accurate copy of a decision made by a hearing officer for the Department of Unemployment Assistance in the case of Prentice Pilot.

26. Attached as Exhibit 26 is a true and accurate copy of the minutes of the January 5, 2016 meeting of the Select Board.

27. Attached as Exhibit 27 is a true and accurate copy of an email from Mel Kleckner to Ben Franco, Bernard Greene, Nancy Daly, Nancy Heller, and Neil Wishinsky, dated February 3, 2016, which refers to the need to schedule an appeal hearing on Cruz Sanabria and Raj Dhanda's complaints. The Select Board did not hold a hearing on Sanabria or Dhanda's complaints.

28. Attached as Exhibit 28 is a true and accurate copy of the IAO file regarding a complaint by David Conway against police recruit Chris Elcock.

29. Attached as Exhibit 29 is a true and accurate copy of the 30(b)(6) deposition of Brookline through Paul Campbell.

30. Attached as Exhibit 30 is a true and accurate copy of the deposition of Isa Ebowe.

31. Attached as Exhibit 31 is a true and accurate copy of the deposition of Paul Campbell.

32. Attached as Exhibit 32 is a true and accurate copy of a Confidential Settlement Agreement and Release relating to Isa Ebowe.

33. Attached as Exhibit 33 is a true and accurate copy of four pages of types notes, entitled Board of Selectmen Notes re BOS and Town-related Matters, February 2017.

34. Attached as Exhibit 34 is a true and accurate copy of a conflict of interest disclosure filed by Joslin Murphy, dated April 14, 2014.

35. Attached as Exhibit 35 is a true and accurate copy of the Citizen Complaint Process Review for 2017.

36. Attached as Exhibit 36 is a true and accurate copy of a Facebook post containing a September 21, 2017 memo from Chief O'Leary to Mel Kleckner, the Town Administrator, regarding an excerpt from Brookline police Sergeant Robert Disario's book, "Nationwide Police Strike."

37. Attached as Exhibit 37 is a true and acurate copy of a Facebook post containing an excerpt from "Nationwide Police Strike."

38. Attached as Exhibit 38 is a true and accurate copy of Rob Disario, *Freedom of Speech does not apply to Cops!*, Protect Yourself Blog (June 21, 2019), retrieved from the internet.

39. Attached as Exhibit 39 is a true and accurate copy of the IAO file regarding an investigation of Stephen Burke.

40. Attached as Exhibit 40 is a true and accurate copy of an August 2, 2019 complaint letter from Eric Tinsley to the Select Board.

41. Attached as Exhibit 41 is a true and accurate copy of an April 23, 2020 Civil Service Decision.

42. Attached as Exhibit 42 is a true and accurate copy of Paul Campbell's internal investigation report regarding Eric Tinsley.

43. Attached as Exhibit 43 is a true and accurate copy of the Town of Brookline's Answers to Interrogatories.

44. Attached as Exhibit 44 is a true and accurate copy of a memorandum for Deputy Chief Michael Gropman to Chief O'Leary, date June 8, 2017.

45. Attached as Exhibit 45 is a true and accurate copy of the police department's 2019 Year End Report. A review of the IAO files indicates that at least 20 racial discrimination complaints were made during the period of 2012-2019. In addition, a partial review of FI reports shows that in 2015, a Black postal employee explicitly complained to police detective, David Wagner, that he had been racially profiled during a stop. No investigatory report into this complaint has been identified.

46. Attached as Exhibit 46 is a true and accurate copy of Jose Alberto Nunez-Guerrero's Response to Interrogatories.

47. Attached as Exhibit 47 are true and accurate court records from Jose Alberto Nunez-Guerrero's court case.

48. Attached as Exhibit 48 is a true and accurate copy of Jose Alberto Nunez-Guerrero's court activity record information. I defended Nunez-Guerrero in the 2015 case. I obtained Christopher Paulino's record of convictions, including felony convictions, which I used to impeach him at trial. I also discovered documentation showing that Paulino had a history of substance abuse and mental health issues. In addition, I discovered that Paulino made frequent racist posts on his FB page. I can produce this documentation in admissible form as it was assembled for the trial of Nunez-Guerrero.

49. Attached as Exhibit 49 is a true and accurate copy of Juana Baez's May 20, 2016 response to the Burke investigatory report. I did not receive a response and neither did Baez.

50. Attached as Exhibit 50 is a true and accurate copy of an email from Brooks Ames to the Select Board dated June 28, 2016.

51. Attached as Exhibit 51 is a true and accurate transcript of a hearing in Brookline District Court on November 29, 2016 in Docket No. 1509CR000518.

52. Attached as Exhibit 52 is a true and accurate copy of a November 2, 2016 police report regarding June Lawlor.

53. Attached as Exhibit 53 is a true and accurate copy of the court records from Juana Baez's court case.

54. Attached as Exhibit 54 is a true and accurate copy of *Fight Club*, Massachusetts Lawyers Weekly (October 2, 2000).

55. Attached as Exhibit 55 is a true and accurate copy of Cristela Guerra, *For Brookline police officers, the past is present tense,* Boston Globe (May 20, 2017).

56. I have reviewed a June 11, 2015 FI report in which the police responded to a call that two children, an infant and an eight-year old and had been left in motor vehicle by their mother. The mother stated she had just gone in to a restaurant to pick up some food. The FI report does not indicate that a 51A was filed with DCF.

57. The extension of residency preferences would also have benefited the non-resident children of Town employees attending Brookline High School under the Town's "materials fee" program.

58. I did not receive a response to my response to Lt. Paul Campbell's investigatory report and neither did Sanabria.

59. In December 2019, I filed a motion to compel the Town to produce documents, including the disciplinary and internal affairs records of the primary officers responsible for the unequal treatment of each of the Plaintiffs, and police reports underlying the arrests, summonses, and field interrogations conducted by the police between 2014 and 2019.

60. In August 2020, the Court order the parties to meet and confer regarding the underlying requests and to file a status report as to their efforts to resolve the dispute.

61. On August 5, 2010, the parties filed a status report outlining their agreement.

62. On August 11, 2020, I requested an extension of the time to file an opposition to the Defendants' Motion for Summary Judgment from August 26, 2020 until September 16, 2020 on the grounds that I was on vacation the last two weeks of August and the Defendants had not yet produced the agreed upon discovery which was relevant to opposing summary judgment.

63. On August 14, 2020, the Court denied the extension, but ordered the Defendants to produce the agreed upon discovery forthwith.

64. At 8:00 pm on August 18, 2020, the Defendants produced the internal affairs and disciplinary files of Raskin, McDermott, Hill, and Hutnick and the agreed arrest reports for 2014-2019.  This constitutes thousands of pages.

65. On August 19, 2020, Defendants produced the additional agreed up FI reports which included several thousand more pages of reports.

66. The Defendants' motion for summary judgment faults Plaintiffs for not identifying white people who were treated better by the police than the Plaintiffs. One of the purposes in obtaining the various police reports is to identify that white people in similar circumstances have been treated better.  Another is to demonstrate a pattern of targeting Black and Hispanic people for stops and arrests.

67.     I need more time to review the documents to identify documents that support Plaintiffs' theory of the case. As an example, in the short time allowed I was able to find an FI report showing that a Black postal employee complained about being racially profiled by Detective David Wagner, who had three official racial profiling complaints against him. The report was not mentioned in the IAO's investigation of a racial profiling claim against Wagner, supporting the Plaintiffs' contention that the Citizen Complaint Procedures are a sham. Moreover, I identified two cases of disputes similar to the one that led the police to charge Sanabria, in which the matters were not deemed to rise to the level of criminal charges. I also identified a number of FI reports that were indicative of racial profiling but I did not have enough time to summarize them for purposes of the opposition.

68.     Attached as Exhibit 56 is a true and correct copy of Demetrius Oviedo's responses to interrogatories.

69.     Attached as Exhibit 57 is a true and correct copy of the court records from Jose Oviedo's case in Brookline district court.

70.     Attached as Exhibit 58 is a true and correct copy of the court records from Demetrius Oviedo's case in Brookline district court.

71.     Attached as Exhibit 59 is a true and correct copy of Demetrius Oviedo's bypass letter dated December 7, 2016.

72.     Attached as Exhibit 60 is a true and correct copy of the Massachusetts Civil Service Commission's February 14, 2019 decision in Alston v. Town of Brookline.

Signed under the penalties of perjury this 28th day of August, 2020.

__/s Brooks A. Ames_____

Respectfully submitted,

JUANA BAEZ, JOSE ALBERTO NUNEZ-GUERRERO, CRUZ SANABRIA, ROGELIO RODAS, and DEMETRIUS OVIEDO

By their attorney,

   /s Brooks A. Ames          
Brooks A. Ames (BBO #641192)
BROOKLINE JUSTICE LEAGUE, INC.
1309 Beacon Street, 3rd Floor
Brookline, MA 02446
brooks@brooklinejustice.org
(617) 763-5526

Dated:  August 28, 2020

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document filed through the ECF system on August 28, 2020 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served on those indicated as non-registered participants.

   /s Brooks A. Ames