UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10661-GAO

JUANA BAEZ, Individually and on behalf of all others similarly situated, CRUZ SANABRIA Individually and on behalf of all other similarly, ROGELIO RODAS, Individually and on behalf of all other similarly situated, DEMETRIUS OVIEDO, Individually and on behalf of all others similarly situated, JOSE ALBERTO NUNEZ-GUERRERO, Individually and on behalf of all others similarly situated,
Plaintiffs,

v.

TOWN OF BROOKLINE, MASSACHUSETTS BROOKLINE POLICE COMMISSIONERS, NEIL WISHINSKY, In his Individual and Official Capacities, NANCY DALY, In her Individual and Official Capacities, BEN FRANCO, In his Individual and Official Capacities, NANCY HELLER, In her Individual and Official Capacities, BERNARD GREENE, In his Individual and Official Capacities,
Defendants.

OPINION AND ORDER
March 31, 2020

O'TOOLE, S.D.J.

This is a civil rights suit brought by the plaintiffs Juana Baez, Jose Alberto Nunez-Guerrero, Cruz Sanabria, Rogelio Rodas and Demetrius Oviedo as a purported class action against the Town of Brookline, the Town's Select Board, and individual Board members Neil Wishinsky, Nancy Daly, Ben Franco, Nancy Heller and Bernard Greene in both their official and individual capacities. The plaintiffs claim that Brookline had and has a custom, policy, or practice of unconstitutionally targeting and discriminating against Black and Hispanic people in policing while failing to investigate and enforce the criminal law equally against white people. The claims are asserted under 42 U.S.C. § 1983 and relevant case law. All the defendants have moved for summary judgment on the claims asserted against them.

**I.     Background**

The following facts are undisputed on the record unless otherwise noted.

The members of the Select Board are the chief elected and executive officers of the Town of Brookline. The Town police department organizationally falls under the supervision of the Select Board. Accordingly, the Select Board is authorized to make policy for the police department as the Town's "Police Commissioners."

The Town adopted a "Process for Police Department Discipline and Selectmen's Review," often referred to as a "Citizen Complaint Procedure." The procedure provides members of the public a means of filing complaints against Brookline police officers. Under the procedure, persons aggrieved by an initial determination of a complaint have the right to appeal findings to the Select Board.

Each of the plaintiffs claims to have had at least one interaction with Brookline police officers that included racially discriminatory conduct on the part of the police. Two were arrested, two were summoned to a clerk magistrate's hearing. Others complain of interactions with the police where they were unfairly targeted although no enforcement action was taken against them. Several filed Citizen Complaints against Brookline police officers. Below is a brief non-exhaustive overview of some of the plaintiffs' individual interactions with the police.

Mr. Rodas, an Hispanic male, filed a Citizen Complaint according to the Town's procedure related to an interaction he had with a Brookline police officer in October 2015. Rodas characterized his complaint as one for excessive force and discourtesy.

A lieutenant serving in the Brookline Police Department's Office of Professional Responsibility conducted an investigation of the incident. Rodas participated in an interview, after which the lieutenant issued an investigation report, in which he found that Rodas's excessive force

allegation was "Unfounded" and his allegation of discourtesy as "Not Sustained." The lieutenant also recommended that the officer involved receive counseling regarding how officers should conduct themselves in interacting with the public.

Mr. Sanabria, an Hispanic male, filed a Citizen Complaint against the Brookline Police Department on May 9, 2015, related to an incident that had occurred on November 17, 2014. Sanabria's interaction with Brookline police officers arose from ongoing conflicts he had been having with a neighbor who was a white woman. After one incident. Sanabria was summoned to a Massachusetts District Court clerk-magistrate's hearing to respond to a claim by the neighbor that he had committed an assault with a dangerous weapon by slamming a door in the neighbor's face. He alleges here that the charge was motivated by his nationality. The neighbor's charge was dismissed by the clerk-magistrate for lack of probable cause.

A Brookline police lieutenant conducted the investigation of Sanabria's Citizens Complaint, but Sanabria declined to be interviewed by the lieutenant, who subsequently made a finding of "Unfounded" as to Sanabria's complaint of racial profiling. Sanabria, through his counsel, thereafter formally appealed the finding that had been made under the Town's Citizen Complaint procedure. Town Counsel notified Sanabria's counsel that the Town had retained a hearing officer for the appeal and asked the lawyer to contact Town Counsel's office to schedule an appeal hearing. Sanabria's counsel responded that it was his view that the Citizen Complaint procedures did not authorize use of an outside hearing officer, and he declined to participate in a hearing before such an officer.

Mr. Ovideo, an Hispanic male, was charged by Brookline police with disorderly conduct, resisting arrest, and assault and battery. The charges were related to a November 2014 interaction between Brookline police officers and a group of civilians which included Oviedo. The facts of

the interaction are sharply disputed. It appears agreed that the police used some degree of physical force against Oviedo, but each side alleges that the other was the aggressor. The criminal charges against Oviedo that ensued were dismissed on his payment of court costs.

Ms. Baez and Mr. Nunez-Guerrero are Hispanic. On December 3, 2015, Baez filed a Citizen Complaint related to an incident that occurred on August 15, 2015. The complaint alleged racial profiling and rudeness/discourtesy. In the incident, Nunez-Guerrero was arrested for disorderly conduct and malicious destruction of property stemming from a dispute he had with a tow truck driver. Baez was a witness to the event, but it is not clear what her participation was, if any.

A deputy superintendent was assigned to investigate Baez's Citizen Complaint. Baez and Nunez-Guerrero did not participate in the investigation. A subsequent investigation report concluded that Baez's allegations of racial profiling and rudeness/discourtesy were "Unfounded." Baez appealed the finding of the investigation of her Citizen Complaint. Town Counsel later notified her attorney that the Town had retained a hearing officer for her appeal and invited him to contact the Town Counsel's office to schedule an appeal hearing. As with the case of Sanabria, the attorney took the position that the Town lacked authority to delegate an appeal to an outside hearing officer.

## II. Discussion

"Summary judgment is appropriate where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Audette v. Town of Plymouth, 858 F.3d 13, 19 (1st Cir. 2017) (quoting Mulloy v. Acushnet Co., 460 F.3d 141, 145 (1st Cir. 2006)). Although the record is construed in a light most

favorable to the non-moving party, the Court need not consider "conclusory allegations, improbable inferences, [or] unsupported speculation." Mulloy, 460 F.3d at 145 (quotation omitted).

The claims now asserted against the Town and the individual defendants allege violation of the plaintiffs' right to equal protection of the law, guaranteed by the Fourteenth Amendment to the United States Constitution. The statutory authority for the claims is 42 U.S.C. § 1983. There are two counts presented in the plaintiffs' Amended Complaint: Count I alleges that the Town has an "unconstitutional policy, practice, and custom [that] violates the rights of the Plaintiffs and all Black and Hispanic people who live in and pass through the Town of Brookline;" Count II alleges that the individual defendants who are or were at the relevant time Town officials, referred to as the "Police Commissioners," "encouraged, sanctioned, and failed to rectify a policy of targeting Black and Hispanic people for unwarranted criminal charges and threats of criminal charges while failing to investigate and enforce the criminal law equally against white people," failed "to adequately and properly monitor, discipline, and supervise the Brookline police department and its officers" and "violated the Plaintiffs' right to freedom of speech and to petition the government for redress of grievances . . . by deterring Black and Hispanic people from making complaints against the Brookline police." (Class Action Compl. and Jury Demand ¶¶ 110, 113–115 (dkt. no. 5).)

Notably, there are no claims presented against the particular police officers involved in the incidents recited in the Amended Complaint. Whether any of those officers could or should have been held liable under §1983 on the basis of their own personal interaction with the plaintiffs is not a question presented in this case. The Town and its Police Commissioners cannot be held vicariously liable for constitutional torts by individual officers under a theory of respondeat

superior. City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell v. N.Y. City Dept. of Soc. Servs., 436 U.S. 658, 694–95 (1978)). In other words, without more, a municipality is not liable simply because one of its employees has committed a constitutional tort. Id. at 387. Rather, a municipality and its policy-making officers may be held liable for its and their own policy choices or practices if those choices result in an infringement of constitutional rights. See Bordanaro v. McLeod, 871 F.2d 1151, 1154–55 (1st Cir. 1989).

The factual summary judgment record does not support a claim of deliberate indifference by the present defendants to the demographic effect of the Town's policing strategies. It tends, rather, to support the opposite conclusion. The Town's Rule 56.1 statement and exhibits indicate that from at least 2012, the Brookline police department has published an annual statistical report that included data concerning, among other things, the race and sex of persons engaged in encounters with police officers. As noted above, the Town instituted a Civilian Complaint process to allow persons who felt unfairly treated by police to have an accessible means of presenting grievances. The department's annual report summarized Citizen Complaints made to the department's Office of Professional Responsibility, identifying the race and sex of the complainant. The record reflects that the Town sought outside advice concerning the promotion of non-discriminatory practices, including from the Massachusetts Attorney General's office. These uncontradicted facts by themselves refute a claim of deliberate indifference to the racial or ethnic impact of police interactions with members of the public. In contrast, the plaintiffs' proffered evidence is mostly anecdotal.

On the record presented, a factfinder would not be warranted in finding that the defendants were deliberately indifferent to either the demographic impact of policing practices or the need to

promote nondiscriminatory policing practices. For the cause of action alleged, that suffices to support the grant of summary judgment in favor of all defendants.

## III.    Conclusion

For the foregoing reasons, the Town and Individual's Motion for Summary Judgment (dkt. no. 89) is GRANTED. Judgment shall be entered in their favor.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge
